In the

# United States Court of Appeals

### For the Seventh Circuit

No. 10-3556

JULIE A. SMITH,

*Plaintiff-Appellant,*

*v.*

LAFAYETTE BANK & TRUST COMPANY,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 4:07-cv-00069-JD—**Jon E. DeGuilio**, *Judge.*

SUBMITTED MAY 3, 2011—DECIDED MARCH 13, 2012

Before ROVNER and WILLIAMS, *Circuit Judges*, and
YOUNG, *District Judge.**

YOUNG, *District Judge.* Julie Smith sued Lafayette
Bank & Trust Company ("Bank"), alleging age discrim-
ination and retaliation in violation of the Age Discrimina-

* The Honorable Richard L. Young, Chief Judge of the United
States District Court for the Southern District of Indiana, sitting
by designation.

tion in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq.* The Bank thereafter filed a counterclaim against Smith, alleging breach of the Indiana Trade Secrets Act, Indiana Code §§ 24-2-3-1 *et seq.*, civil and criminal conversion regarding the Bank's records and documents Smith allegedly had taken, and for replevin. The Bank moved for summary judgment, and, in response, Smith waived her ADEA age discrimination claim. The district court later granted the Bank's motion for summary judgment on Smith's ADEA retaliation claim, and remanded the Bank's counterclaims to the state court for further proceedings. Smith appeals the district court's grant of summary judgment with respect to her ADEA retaliation claim. For the reasons set forth below, we affirm.

In October 1980, Smith was hired by the Bank as a teller, and in 1995, the Bank promoted her to the position of branch manager of the Bank's Lafayette Station Branch. As the branch manager, Smith was required to undergo annual performance evaluations conducted by the Bank's administrators. Smith received an overall rating of "improvement needed" on her performance evaluations for the years 2004 and 2005. Smith's poor rating was based on complaints the Bank's administrators received from customers and employees about her negative attitude and unprofessional behavior.

The Bank continued to receive complaints about Smith's behavior, and on May 31, 2006, the Bank's Executive Vice President met with Smith, giving her the option to either resign or write a letter of commitment promising to interact better with her employees and improve

her attitude. Smith chose to write a letter of commitment, which acknowledged that if she failed to meet the promises contained in the letter, she would be terminated. On June 13, 2006, the Bank received a complaint about Smith cursing and acting inappropriately toward an employee. On June 20, 2006, the Bank fired Smith. She was 44 years old. Following her termination, in November 2006, Smith filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against the Bank, alleging a violation of the ADEA.

On appeal, Smith argues that the district court erred in granting the Bank's motion for summary judgment on her retaliation claim under the ADEA. We review the grant of summary judgment *de novo* and view the evidence in the light most favorable to Smith. *Wackett v. City of Beaver Dam, Wis.*, 642 F.3d 578, 581 (7th Cir. 2011) (citing *Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 703 (7th Cir. 2010)). Summary judgment is appropriate when the pleadings and evidence in the record indicate the absence of any genuine issues of material fact, such that the moving party is entitled to judgment as a matter of law. *Mercatus Grp., LLC v. Lake Forest Hosp.*, 641 F.3d 834, 839 (7th Cir. 2011); FED. R. CIV. P. 56(c). There is no genuine issue of material fact when no reasonable jury could find in favor of the non-moving party. *Brewer v. Bd. of Trs. of Univ. of Ill.*, 479 F.3d 908, 915 (7th Cir. 2007) (citations omitted).

To avoid summary judgment, Smith may establish her retaliation claim under the ADEA by either the direct or

indirect method. *Szymanski v. Cnty. of Cook*, 468 F.3d 1027, 1029 (7th Cir. 2006). Under the direct method of proof, a plaintiff must show: (1) she engaged in statutorily protected activity; (2) she suffered an adverse employment action; and (3) there is a causal connection between the two. *Everroad v. Scott Truck Sys., Inc.*, 604 F.3d 471, 481 (7th Cir. 2010) (citing *Haywood v. Lucent Techs., Inc.*, 323 F.3d 524, 531 (7th Cir. 2003)). Alternatively, under the indirect method of proof, a plaintiff must show: (1) she engaged in statutorily protected activity; (2) she met the employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) she was treated less favorably than similarly situated employees who did not engage in statutorily protected activity. *Kodl v. Bd. of Educ. Sch. Dist. 45, Villa Park*, 490 F.3d 558, 562 (7th Cir. 2007) (citing *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006)). Under either method, Smith must prove that she engaged in statutorily protected activity.

In order for Smith's complaints to constitute protected activity, they must include an objection to discrimination on the basis of age. 29 U.S.C. § 623. Here, Smith bases her retaliation claim on three instances of correspondence with Bank administrators: (1) her March 7, 2003 complaint inquiring about the formula used to calculate a contribution to her pension plan; (2) her September 2005 complaint about cutbacks to her branch staff; and (3) her March 2006 complaint regarding issues with her 401(k) contributions. General complaints, such as Smith's, do not constitute protected activity under the ADEA because they do not include objections to discrimination

based on her age. *See Tomanovich*, 457 F.3d at 663 ("Merely complaining in general terms of discrimination or harassment, without indicating a connection to a protected class or providing facts sufficient to create that inference, is insufficient." (citing *Gleason v. Mesirow Fin., Inc.*, 118 F.3d 1134, 1147 (7th Cir. 1997)).

While the filing of an EEOC charge of discrimination is statutorily protected activity, here, Smith's EEOC charge does not save her claim. *See Tomanovich*, 457 F.3d at 663 (noting that the filing of a charge of discrimination with the EEOC satisfies the requirement that the plaintiff engage in statutorily protected activity) (citing *Ajayi v. Aramark Bus. Serv., Inc.*, 336 F.3d 520, 533 (7th Cir. 2003)). An employer must have actual knowledge of the employee's protected activity to state a claim for retaliation. *Nagle v. Vill. of Calumet Park*, 554 F.3d 1106, 1122 (7th Cir. 2009). Here, Smith did not file her charge of discrimination until November 2006, five months after she was terminated. Accordingly, Smith is unable to show that the Bank administrators who terminated her were aware that she ever filed a charge of discrimination. "This dooms [her] claim not only under the direct method, but also under the indirect method." *Id.* at 1122 (citing *Mattson v. Caterpillar, Inc.*, 359 F.3d 885, 888 (7th Cir. 2004); *Tomanovich*, 457 F.3d at 668-69). For these reasons, Smith's retaliation claim under the ADEA must fail as a matter of law. Therefore, we affirm the district court's grant of summary judgment against Smith.