NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 20, 2016
Decided March 14, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA D. ROVNER, *Circuit Judge*

No. 14-2953

| | |
|---|---|
| CHRISTINE KUHN, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | No. 1:10-cv-07171 |
| UNITED AIRLINES, INC., | |
| *Defendant-Appellee*. | Sara L. Ellis, |
| | *Judge*. |

**O R D E R**

Christine Kuhn, a longtime employee of United Airlines, sued United in 2010 for retaliation under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA"). The district court denied Kuhn's motion for leave to file a third amended complaint, and later granted summary judgment to United on Kuhn's retaliation claims. Kuhn appeals both rulings. For the reasons that follow, we affirm.

## I.    Background

Christine Kuhn has worked for United since 1974 and is currently employed as a flight attendant based out of Chicago's O'Hare International Airport. She first filed an EEOC charge against United in April 2007, alleging that United retaliated against her for complaining about race, age, and sex discrimination. Kuhn received her right-to-sue letter from the EEOC in January 2008, but she did not bring suit based on her 2007 charge.

Kuhn lodged several more internal complaints with United in 2008 and 2009. The first complaint stemmed from a verbal altercation with a coworker named William Rosenbalm during a flight in February 2008. Kuhn claims that Rosenbalm told her to "shut the [expletive] up" when she asked him to bring a passenger a glass of water. Rosenbalm apologized to Kuhn shortly afterwards, but Kuhn still reported the incident to her supervisor, Joe Mallia, indicating that she thought Rosenbalm had mistreated her because of her race. In response, Mallia spoke with Rosenbalm (who denied using profanity) and Rosenbalm's supervisor, Linda Pellico. Mallia or Pellico then notified United's Professional Standards department, which followed up with Rosenbalm on several occasions. Kuhn has not flown with Rosenbalm since the February 2008 incident.

Kuhn had another altercation with a coworker named Michael Kimbel during an international flight in July 2009. According to Kuhn, Kimbel forcefully pushed her while the two were standing in the galley by the aircraft's oven. Although Kimbel apologized, Kuhn complained about the encounter to supervisor Ron Clarke. Clarke completed an official incident report, interviewed Kuhn and Kimbel separately, and then asked each of them to provide a written statement. Clarke also obtained statements from several other flight attendants who were on the flight in question. At the conclusion of his investigation, Clarke determined that the contact between Kuhn and Kimbel was accidental. Kuhn has not worked with Kimbel since making her complaint.

In September 2009, Kuhn had a third incident with two other flight attendants, Wai Le Bailey Tung and Tsz Kin Desmond Lam, while on a flight from Chicago to Hong Kong. Kuhn maintains that Tung and Lam were causing a "work slowdown and stoppage," which required Kuhn to perform extra work. Kuhn complained about the incident to Clarke (her Chicago supervisor) and Josephine Lau, a supervisor based in Hong Kong. Lau investigated Kuhn's complaint and obtained statements from Tung and Lam, who both indicated that they did not know the basis for Kuhn's allegations.

After conducting her investigation, Lau was ultimately unable to reach a conclusion regarding Kuhn's complaint.

There is no evidence that the three supervisors to whom Kuhn submitted her complaints—Mallia, Clarke, and Lau—were aware of Kuhn's 2007 EEOC charge when they received her complaints or were investigating them.

On July 19, 2010, Kuhn filed a second charge with the EEOC, this time asserting that United retaliated against her after her 2007 charge by failing to fully and impartially investigate her complaints of coworker mistreatment. After receiving her right-to-sue letter, Kuhn brought this lawsuit against United in November 2010. Eventually she filed a second amended complaint, alleging claims of retaliation under Title VII and the ADEA. In particular, Kuhn claimed that United retaliated against her following her 2007 EEOC charge by failing to adequately investigate her complaints about the incidents with Rosenbalm, Kimbel, Tung, and Lam in 2008 and 2009. In February 2012, Kuhn filed a motion for leave to file a third amended complaint, in which she sought to assert new claims of racial discrimination and harassment in violation of Title VII. The district court denied the motion, and ultimately granted summary judgment for United in August 2014. On appeal, Kuhn argues that the district court should have allowed her to file a third amended complaint, and that genuine disputes of material fact made summary judgment improper. We consider each argument in turn.

## II.    Analysis

### A.    Motion for Leave to Amend

While leave to amend a complaint should be freely granted when justice so requires, Fed. R. Civ. P. 15(a)(2), a district court may properly deny leave for a variety of reasons, including undue prejudice or futility. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009); *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 860–61 (7th Cir. 2001). Amendment is futile if the added claim would not survive a motion to dismiss or a motion for summary judgment. *Id.* at 861; *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997). Additionally, "[t]o amend a pleading after the expiration of the trial court's scheduling order deadline to amend pleadings, the moving party must show 'good cause.'" *CMFG Life Ins. Co. v. RBS Sec., Inc.*, 799 F.3d 729, 749 (7th Cir. 2015) (internal marks omitted). We will overturn a denial of a motion for leave to amend a complaint "only if the district court 'abused its discretion by

refusing to grant the leave without any justifying reason.'" *Aldridge v. Forest River, Inc.*, 635 F.3d 870, 875 (7th Cir. 2011).

Here, the district court provided ample justification for denying Kuhn's motion for leave to amend. First, the court properly found that Kuhn failed to establish the requisite good cause for missing the scheduling-order deadline to amend the pleadings. Indeed, Kuhn did not seek leave to file her third amended complaint until February 2012, which was nearly nine months after the deadline to amend and just days before the close of discovery. Also, her proposed amendment was based on long-known events that occurred between 2003 and 2007. And the district court correctly noted that Kuhn's amendment alleged entirely new claims that would unduly prejudice United by significantly altering the factual inquiry of the case at a time when discovery was about to end.

The district court also reasonably concluded that the amendment would be futile because the allegations of Kuhn's third amended complaint were untimely and exceeded the scope of her underlying EEOC charge. A Title VII plaintiff may bring only those claims that were included in her EEOC charge, or that are "'like or reasonably related to'" the allegations of the charge. *Kersting v. Wal-Mart Stores, Inc.*, 250 F.3d 1109, 1118 (7th Cir. 2001). Kuhn's 2010 EEOC charge alleged only that she was retaliated against after her 2007 charge, but her proposed amendment alleged new claims of race discrimination and harassment based on qualitatively different events and circumstances that occurred prior to the 2007 charge. The new claims alleged in Kuhn's proposed amendment are not reasonably like or related to the 2010 EEOC charge and would not survive a dispositive motion. *See Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002) (internal marks omitted) ("[T]he EEOC charge and the complaint must, at minimum, describe the *same conduct* and implicate the *same individuals*."). The district court also properly found that Kuhn's added claims would be time-barred since Kuhn's proposed amendment is based on events from 2003 to 2007, the last of which occurred long before the 300-day limitations period preceding her operative charge of July 2010. *See Hentosh v. Herman M. Finch Univ. of Health Scis./The Chicago Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir. 1999) (citing 42 U.S.C. § 2000e-5(e)) (Title VII plaintiff "must have filed a charge with the EEOC detailing the incident(s) forming the basis of the plaintiff's allegations within 300 days of the date of the occurrence of the alleged discriminatory conduct or event").[1]

---

[1] Although Kuhn attempts to extend the limitations period by invoking the continuing-violation doctrine, the doctrine does not apply because her proposed amendment describes a series of discrete acts

Accordingly, the district court did not abuse its discretion in denying Kuhn's motion for leave to file a third amended complaint.

### B.      Summary Judgment

We review the district court's grant of summary judgment de novo, construing all facts and reasonable inferences in the light most favorable to the nonmoving party. *Harden v. Marion Cty. Sheriff's Dep't*, 799 F.3d 857, 861 (7th Cir. 2015). Summary judgment is required if the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Title VII and the ADEA prohibit an employer from retaliating against an employee for asserting her right to be free from discrimination under those statutes. 42 U.S.C. § 2000e-3(a); 29 U.S.C. § 623(d). Kuhn may establish retaliation under Title VII or the ADEA using either the direct or indirect method of proof. *Majors v. Gen. Elec. Co.*, 714 F.3d 527, 537 (7th Cir. 2013); *Smith v. Lafayette Bank & Trust Co.*, 674 F.3d 655, 657 (7th Cir. 2012). Under the direct method, Kuhn must show that: (1) she engaged in statutorily protected activity; (2) United took a materially adverse action against her; and (3) a causal connection existed between the two events. *Majors*, 714 F.3d at 537; *Smith*, 674 F.3d at 657. It is undisputed that Kuhn engaged in statutorily protected activity when she filed her 2007 EEOC charge, but United contends that Kuhn has failed to establish a materially adverse action or the requisite causal connection.

An action is materially adverse if it might have "'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006). The only materially adverse action alleged by Kuhn in her

---

of discrimination that are not closely related to the allegations of her 2010 EEOC charge. *See Garrison v. Burke*, 165 F.3d 565, 570 (7th Cir. 1999) (noting that the continuing-violation doctrine does not apply to discrete, isolated, and completed acts of discrimination). The district court was not required to accept Kuhn's bare allegation of an ongoing hostile work environment in order to find a continuing violation. *See Koelsch v. Beltone Elecs. Corp.*, 46 F.3d 705, 707 (7th Cir. 1995) (mere assertion of a hostile work environment did not establish a continuing violation where the alleged incidents of discriminatory harassment were not sufficiently related). And in any event, while Kuhn previously had the opportunity to sue for discrimination or hostile work environment based on the events preceding her 2007 EEOC charge, she chose not to do so within the time allowed. *See Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 849–50 (7th Cir. 2001) (citing 42 U.S.C. § 2000e-5(f)(1)) ("A civil action alleging a Title VII violation must be filed within 90 days of receiving a right-to-sue notice from the EEOC."); 29 U.S.C. § 626(e) (same for ADEA).

second amended complaint is United's purported failure to adequately investigate her internal complaints of coworker misconduct.[2] But Kuhn has not presented evidence that United's investigations were inadequate. If anything, the evidence shows that United consistently took Kuhn's complaints seriously and methodically investigated them from all angles. In response to Kuhn's complaints, the relevant supervisors interviewed and obtained written statements from those involved and any witnesses, completed incident reports, and appropriately contacted additional personnel for assistance, including United's Professional Standards department. Under these circumstances, a reasonable employee would not be dissuaded from engaging in protected activity, and Kuhn's subjective belief to the contrary is not sufficient to create a genuine issue of material fact. *See Simpson v. Beaver Dam Cmty. Hosps., Inc.*, 780 F.3d 784, 794 (7th Cir. 2015). Accordingly, Kuhn has failed to establish that she was subjected to a materially adverse action.

Further, Kuhn has failed to demonstrate the requisite causal connection because she has not shown that her protected activity was a but-for cause of the alleged adverse action. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2534 (2013); *Barton v. Zimmer, Inc.*, 662 F.3d 448, 455 (7th Cir. 2011). At a minimum, a causal connection requires that the relevant decision-makers were aware of the protected activity at the time they took the adverse action. *Luckie v. Ameritech Corp.*, 389 F.3d 708, 715 (7th Cir. 2004). Here, although Kuhn engaged in protected activity when she filed her 2007 EEOC charge, she presented no evidence that any of the relevant supervisors were aware of her charge at any time during their allegedly inadequate investigations. Kuhn tries to get around this evidentiary gap by suggesting that it was United's burden to establish causation at summary judgment. As the movant for summary judgment, however, United was required only to point to the "absence of evidence" supporting a finding of retaliation, which it clearly did. *See Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013) (internal marks omitted) ("[T]he movant's initial burden may be discharged by 'showing'—that is, point[ing] out to the district court—that there is an absence of evidence to support the nonmoving party's case."). It was Kuhn's burden to present affirmative evidence from which a jury could reasonably infer the essential element of causation. *See Lewis v. Holsum of Fort Wayne, Inc.*, 278 F.3d 706, 709 (7th Cir.

---

[2] For the first time on appeal, Kuhn appears to argue that the instances of perceived coworker mistreatment about which she complained were also materially adverse actions. Because Kuhn did not raise this argument before the district court, it is waived on appeal. *See Ellis v. CCA of Tenn. LLC*, 650 F.3d 640, 650 (7th Cir. 2011); *Oates v. Discovery Zone*, 116 F.3d 1161, 1168 (7th Cir. 1997) ("[A]rguments not raised below are waived on appeal.").

2002) ("If the nonmoving party fails to make a sufficient showing on an essential element of her case, the moving party is entitled to judgment as a matter of law[.]"). Kuhn failed to carry this burden because she presented no evidence that any of the relevant decision-makers were aware of her 2007 charge. Kuhn has thus failed to establish retaliation under the direct method for the additional reason that she has not shown the required causal connection.

Kuhn's retaliation claims fare no better under the indirect method of proof. Under the indirect method, Kuhn must first make a prima facie case by showing (among other things) that she suffered an adverse employment action and that she was treated less favorably than similarly situated employees who did not engage in protected activity. *Majors*, 714 F.3d at 537; *Smith*, 674 F.3d at 657–58. As discussed above, no reasonable jury could conclude that United's alleged failure to adequately investigate Kuhn's complaints amounted to a materially adverse action. Nor did Kuhn present evidence that she was treated less favorably than a similarly situated employee; moreover, Kuhn has waived any argument in this regard by failing to raise the issue on appeal. *See Hutt v. AbbVie Prods. LLC*, 757 F.3d 687, 694 (7th Cir. 2014) (retaliation plaintiff waived any argument under the indirect method by proceeding exclusively under the direct method on appeal); *O'Neal v. City of Chicago*, 588 F.3d 406, 409 (7th Cir. 2009) ("[A]rguments not raised on appeal are waived."). Accordingly, Kuhn has failed to establish retaliation under the direct or indirect method of proof, and United was entitled to summary judgment as a matter of law.

## III.    Conclusion

The district court did not err when it denied Kuhn's motion for leave to file a third amended complaint or when it granted summary judgment to United. The rulings of the district court are AFFIRMED.