NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 28, 2016[*]
Decided March 28, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-2316

| | |
|---|---|
| THERESA A. JOHNSON, <br>     *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
|     *v.* | No. 12 C 5068 |
| BEACH PARK SCHOOL DISTRICT, <br>     *Defendant-Appellee.* | Sara L. Ellis, <br> *Judge.* |

### O R D E R

Theresa Johnson applied for a substitute teacher position with the Beach Park School District during the 2011-2012 school year, but was not hired. She brought this employment-discrimination suit against the school district, asserting that the district passed her over for younger, white, and non-disabled applicants and retaliated against her for declining to substitute teach during the 2007-2008 school year. The district court

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

granted summary judgment for the school district, concluding that Johnson failed to establish a prima facie case of race or disability discrimination or retaliation, and that she had failed to present her charge of age discrimination to the Equal Employment Opportunity Commission. We affirm.

As did the district court, we construe the facts in the light most favorable to Johnson, the nonmovant. *See Arroyo v. Volvo Grp. N. Am., LLC*, 805 F.3d 278, 281 (7th Cir. 2015). Upon applying to become a substitute teacher at Beach Park in August 2007, Johnson was asked by an administrator for an official copy of the transcript from only the college where she received her undergraduate degree rather than transcripts from all four institutions where she had received a teaching certificate and master's degree. Johnson found this request inappropriate and believed that the request was motivated by her race. Nonetheless, she was entered into the substitute-teacher database in October. She says that she was contacted for a few assignments but, because she believed the school's request for her transcript was discriminatory, she declined them. It is unclear if she ever complained to the school or the EEOC about the discrimination.

In August 2011 Johnson returned to the school seeking employment. She spoke with the human-resources coordinator, Shelly Adams, who told her she needed to apply online. Johnson responded that she did not have a computer. Adams agreed to accept a resume from Johnson but it was lacking the details that the online application elicited, so Adams told Johnson to use a computer at the library to fill out the online application. Johnson did not fill out the online application and was not placed on the list of substitute teachers.

After receiving right-to-sue letters from the EEOC based on two charges—one specifying race discrimination and the other disability discrimination—Johnson sued the school district. She asserted that the district kept her out of the substitute-teacher database and otherwise failed to hire her for open teaching positions because of her age, race, and disability, and in retaliation for not substitute teaching during the 2007-2008 school year.

The district court granted summary judgment for the school. Regarding her race discrimination claim, the court determined that Johnson failed to introduce any evidence to satisfy two prongs of a prima facie case (that she was qualified for the teacher openings or that she was similarly situated to the other woman who allegedly was hired over her). As for her claim under the Americans with Disabilities Act, the court concluded that there was no evidence that she was disabled; her bare assertions that she had "fibromyalgia and other unspecified disabilities" were insufficient for a jury to find

that any major life activities were substantially limited as a result. The court also rejected Johnson's claim under the Age Discrimination in Employment Act because her EEOC charges did not allege that Beach Park discriminated against her based on age. And finally, with regard to her claim of retaliation under Title VII, the court concluded that there was no evidence in the record that she had engaged in a protected activity.

On appeal Johnson only generally challenges the grant of summary judgment for the school district on her claims of discrimination and retaliation. But the district court's analysis was correct. Johnson cannot establish a prima facie case of race discrimination because she submitted no evidence from which a reasonable jury could conclude that she met the school's objective hiring criteria for substitute teaching or the other open (permanent) teaching positions. *See Bennett v. Roberts*, 295 F.3d 687, 696 (7th Cir. 2002); *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 769 (11th Cir. 2005); *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 575–76 (6th Cir. 2003). Nor did Johnson put forth any evidence from which a jury could conclude that she is disabled. She offered only conclusory and vague statements that she had difficulty walking and climbing stairs, and presented no evidence to show how any impairment limited a major life activity. *See Feldman v. Olin Corp.*, 692 F.3d 748, 753–54 (7th Cir. 2012); *Kotwica v. Rose Packing Co.*, 637 F.3d 744, 748–49 (7th Cir. 2011); *Fredricksen v. United Parcel Serv., Co.*, 581 F.3d 516, 522–23 (7th Cir. 2009).

Moreover, Johnson failed to exhaust her administrative remedies for her age discrimination claim. Nothing in her EEOC charges, as the district court correctly concluded, even hints at age discrimination. *See* 29 U.S.C. § 626(d); *Ajayi v. Aramark Bus. Servs.*, 336 F.3d 520, 527–28 (7th Cir. 2003).

We note, too, that Johnson's claim of retaliation also does not fall within the scope of either of her EEOC charges, and on this basis the district court could have dismissed the claim. *See Swearnigen-El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 864–65 (7th Cir. 2010); *Steffen v. Meridian Life Ins. Co.*, 859 F.2d 534, 544 (7th Cir. 1988). In any event, as the district court concluded, no evidence in the record reflects that she engaged in a protected activity. *See Orton-Bell v. Indiana*, 759 F.3d 768, 776–77 (7th Cir. 2014); *Smith v. Lafayette Bank & Trust Co.*, 674 F.3d 655, 658 (7th Cir. 2012). Johnson does not point to evidence to show that she ever told the school or the EEOC that she suspected race discrimination when the administrator requested her transcript in 2007.

We have reviewed Johnson's remaining contentions and conclude that none merit specific discussion. Accordingly, the judgment of the district court is AFFIRMED.