┌─────────────────────────────────────────────┐
│           **NONPRECEDENTIAL DISPOSITION**            │
│  To be cited only in accordance with Fed. R. App. P. 32.1  │
└─────────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 9, 2018*
Decided March 12, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-1695

| | |
|---|---|
| BILLIE J. HOWARD, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Southern District of Indiana, |
| | Indianapolis Division. |
|     *v.* | |
| | No. 1:13-cv-02039-SEB-TAB |
| INDIANAPOLIS PUBLIC SCHOOLS and | |
| COMMUNITY HEALTH NETWORK, INC., | Sarah Evans Barker, |
|     *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Billie Howard, a 54-year old African-American woman and former school therapist in Indianapolis, sued the Indianapolis Public Schools and Community Health Network, Inc. (a health-care provider) for employment discrimination. She asserted that the defendants discriminated against her based on her race in violation of Title VII of

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and 42 U.S.C. § 1981; discriminated against her based on her age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623; and fired her in retaliation for reporting misconduct at her school, in violation of both Title VII and the ADEA. The district court entered summary judgment for the defendants, concluding that (1) Howard did not show that she had an employment or other contractual relationship with the school district, and (2) she did not present evidence from which a reasonable factfinder could infer that Community discriminated against her based on either race or age, or that she engaged in statutorily protected activity for which she was retaliated against. We affirm.

The Indianapolis Public Schools contracted with Community to provide mental health counseling to its students. Under the contract, Community paid its therapists who worked in Indianapolis's public schools, made their school assignments and schedules, and agreed to remove therapists upon the school district's request "for any reason."

Howard applied for a supervisor position with Community but was not offered the job. According to Howard, the interviewer told her during the interview that she "would be better suited for [a therapist] positon" and that Community tried to hire "employees from within and younger blood." Community ultimately hired Howard as a therapist and assigned her to an Indianapolis public grade school called James A. Garfield School 31.

Five months after Howard was hired, an incident occurred at the school that led to her removal from the school. Howard and another Community employee, Jacqueline Goldstein, took a student out of class for an off-site medical appointment but did not sign out the student, as required by the school's policy for tracking early departures by students. Although the school's sign-out log does not reflect that this particular student was signed out, Howard asserted in her deposition that she in fact saw Goldstein sign the student out. Later that day the student's teacher called Howard's supervisor, Destinee Floyd, in a panic about a missing student. Floyd called Howard, who told Floyd that she had accompanied the student to the medical appointment and that the school "was aware of this." The school's principal later complained to Floyd about the school's lack of information about the student's whereabouts once the student had left with Howard and told Floyd "not to send Howard back to the School." Community hired another African-American woman to replace Howard at the school.

Floyd later investigated these events but decided not to discipline Howard, who, she concluded, "may have not understood" the sign-out procedures and "did not intentionally fail to follow the correct process." Community, however, was less forgiving: it gave Howard three months of administrative leave but told her that she would have to find an in-network job with an institution that Community provided counseling services for. After Howard was unable to do so, Community fired her.

One day after Community told her not to return to the school, Howard informed school officials that, several months earlier, she told Floyd that she had seen a Garfield teacher slap a student, but Floyd discouraged her at the time from reporting the incident. Howard believes that the defendants fired her in retaliation for reporting the teacher's misconduct to Floyd.

Howard sued the Indianapolis Public Schools and Community under Title VII, § 1981, and the ADEA, asserting that age and race discrimination motivated their decisions to remove her from the school and fire her. She also asserted that the defendants retaliated against her for reporting the slapping incident to Floyd.

The district judge granted the defendants' motion for summary judgment. Regarding her claims against the Indianapolis Public schools, the judge explained that Howard did not meet her burden to show that she had an employment or other contractual relationship with the school district. As for Howard's claims of race and age discrimination against Community, the judge concluded that Howard could not establish a prima facie case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973), because she had not furnished evidence that her job performance was meeting Community's legitimate expectations (she violated the school's sign-out policy, and this violation in turn led the school to demand that she not return) or that she was similarly situated to any non-African American employee who received more favorable treatment than she received (Goldstein, who is white and was younger than 40 at the time, was not similarly situated to Howard because they had different jobs and supervisors and received different responses from the school after the incident—only Howard was ordered not to return). As for Howard's retaliation claim against Community, the judge determined that Howard did not present any evidence from which a reasonable factfinder could conclude that she engaged in protected activity under Title VII or the ADEA that led to her discharge. In the judge's view, Howard's report that she saw a teacher slap a student does not constitute statutorily protected

activity because it does not concern any employment practice recognized as unlawful under the two statutes.

Howard has not meaningfully developed the arguments in her brief on appeal, *see* FED. R. APP. P. 28(a)(8), but we touch upon those arguments that we can discern. First, to the extent she challenges the district judge's ruling that the school district did not jointly employ her, we agree with the judge that the school district did not exert sufficient "control" over her to create an employment or other contractual relationship. *Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697, 702 (7th Cir. 2015). Community paid, hired, and fired Howard; created her schedule and school assignment; placed her on administrative leave; and supervised her directly. As the judge noted, the school district exercised some control over her employment by preventing her from returning to Garfield, but its decision to end her work there does not demonstrate a degree of control sufficient to create an employment or other contractual relationship.[1]

With regard to her age discrimination claim, Howard asserts that the district judge mistakenly rejected Goldstein as an appropriate comparator. As the judge properly explained, Goldstein was not similarly situated to Howard because they were not "directly comparable . . . in all material respects." *Cung Hnin v. TOA (USA), LLC*, 751 F.3d 499, 504 (7th Cir. 2014). They had distinct positions and worksites (Goldstein traveled to other schools too and students' homes), different supervisors, and different receptions from the school after the incident (the school demanded that only Howard not return).

Howard also generally challenges the district judge's grant of summary judgment to Community on her racial discrimination claim. The judge, however, correctly decided that a reasonable factfinder could not conclude that race caused Howard's removal from the school or discharge because the record contains no

---

[1] Howard presented no evidence that the school district had any role in preventing her from obtaining another position with an in-network institution that contracted with Community. "[W]hen control is examined, the key powers are, naturally, those of hiring and firing," *Love*, 779 F.3d at 703 (internal quotation marks and citation omitted), and Howard has not pointed to evidence to suggest that the school district exercised such authority when she sought a new position while on administrative leave.

evidence suggesting that Community discriminated against her based on her race. *See Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760, 765 (7th Cir. 2016).

Regarding her retaliation claims, Howard generally challenges the district judge's conclusion that her reporting of the teacher who slapped a student is not protected activity under Title VII or the ADEA. But the judge correctly explained that a report of misconduct such as hers must concern race discrimination to constitute protected activity under Title VII, *see Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006), or age discrimination to be protected activity under the ADEA, *see Smith v. Lafayette Bank & Tr. Co.*, 674 F.3d 655, 658 (7th Cir. 2012).

Finally Howard argues that the district judge wrongly denied her motion for assistance in recruiting counsel. But the judge did not abuse her discretion in denying the motion because she permissibly concluded that Howard neither made a reasonable attempt to obtain counsel, nor was effectively precluded from doing so. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

We have considered Howard's other arguments, and none has merit.

AFFIRMED